STORK, APPELLANT, *v.* TROEGER, EXR., ET AL., APPELLEES.[*]

(No. 181—Decided March 3, 1956.)

*Mr. E. J. Hummer* and *Mr. John W. Winn,* for appellant.
*Mr. Karl H. Weaner, Jr.,* for appellees.

MIDDLETON, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Defiance County dismissing, on motion, the first cause of action in plaintiff's amended petition and entering judgment thereon in favor of defendants.

This action is brought by plaintiff against the executor of the estate of George D. Browns and his heirs at law.

The plaintiff sets out two causes of action in his petition In the first cause of action he seeks specific performance of a contract for personal services performed by him for the decedent, George D. Browns. In the second cause of action plaintiff sets forth a claim for the personal services described in the first cause of action, based on *quantum meruit,* and pleads in the alternative for a money judgment if it is determined that

---

[*]Motion to certify the record overruled, June 13, 1956. Appeal dismissed, 165 Ohio St., 405.

he is not entitled to specific performance of the contract under his first cause of action.

The cause was submitted to the court on the first cause of action, and, at the conclusion of plaintiff's case, the defendants moved for a dismissal of the first cause of action and for judgment in favor of defendants on the first cause of action. This motion was sustained by the court, and it is from the entry of such judgment that appeal is prosecuted to this court.

The facts, as developed by the evidence, are, in brief, as follows:

The deceased was an elderly man in poor health and living alone. An application had been filed in the Probate Court for the appointment of a guardian for him on the ground that he was an incompetent person by reason of advanced age and mental and physical infirmity. On the date set for hearing of this application it was agreed by the parties that the interests of George D. Browns would be best served by arrangements for someone to take care of him. Pursuant to this agreement a contract was entered into between the plaintiff and the decedent providing for such care. After the execution of the contract, a copy was filed with the Probate Court and the application for the appointment of a guardian was dismissed without a hearing.

The contract as entered into described the character of the services which had been performed in the past by the plaintiff and the character of the services to be performed by the plaintiff in the future in looking after and taking care of the decedent during his declining years. The compensation to be paid the plaintiff for such services is, by the terms of the contract, stated as follows:

"It is mutually agreed by and between George D. Browns and Harry E. Stork that at the time and date of this contract it is impossible to arrive at a definite figure in dollars and cents to be paid for the services to be rendered by Harry E. Stork, as the parties hereto, from their past association and experiences, recognize and realize that the services will vary from time to time, and that it is reasonable to anticipate, because of the age of George D. Browns, that such services will necessarily increase in the future; and it is further understood

and agreed between the parties that the said Harry E. Stork will accept whatever George D. Browns determines to be a just consideration for the services performed and to be performed.

"And it is agreed by the said George D. Browns, in consideration whereof, he promises and agrees to compensate for the aforesaid services."

This contract was executed on November 9, 1949. On the same day, and while the contract was being typewritten, it was agreed that if the decedent would leave all his property to the plaintiff, by will, both parties would be protected. After this discussion concerning a will, the contract was executed and filed with the Probate Court. The will was dictated during the time the contract was being transmitted to the Probate Court and, upon completion the same day, was signed by the decedent. The pertinent part of the will is set forth in item 2 thereof, as follows:

"I am a bachelor and have lived alone for many years. For the last 30 years I have been a neighbor of my friend Harry E. Stork, who, during the whole of said period, has looked after my comfort and welfare to such an extent and in such a heartfelt and sympathetic manner that I now feel toward him the affection that I would feel toward a son. I have no one dependent upon me for support and my nearest relatives, my brothers and sisters, have had their own interests and families and have been unable or unwilling to look after me, particularly in my declining years. I therefore feel under sole obligation to Harry E. Stork of Highland Township, for my comfort and well-being, not only in the past, but in the future, and in consideration and appreciation of his unselfish assistance, I do hereby bequeath and devise unto the said Harry E. Stork all of my property of whatsoever kind and wheresoever situate, to be his absolutely and in fee simple."

The decedent died in 1951, and subsequent to his death a will dated July 3, 1950, was admitted to probate by the Probate Court of Defiance County, which will left all the decedent's property to his heirs, as determined under the laws of Ohio.

Section 1335.05, Revised Code, reads as follows:

"No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or

miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or heriditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.''

Section 2107.04, Revised Code, reads as follows:

''No agreement to make a will or to make a devise or bequest by will shall be enforceable unless it is in writing. Such agreement must be signed by the maker or by some other person at such maker's express direction. If signed by a person other than such maker, the instrument must be subscribed by two or more competent witnesses who heard such maker acknowledge that it was signed at his direction.''

The theory upon which plaintiff founds his claim is that the agreement to devise was evidenced by two written instruments: first, the contract; and, second, the will executed the same day as the contract. Plaintiff contends that, construing the two instruments together as one contract, he is entitled to specific performance.

An examination of the contract fails to reveal any promise or agreement to make a will. It does provide that plaintiff is to be compensated for his services but states that it was impossible at that time to arrive at a definite figure to be paid plaintiff for such services and that plaintiff would accept whatever decedent determined to be a just consideration for such services.

Under no theory can the contract be construed to be a contract to make a will. Plaintiff does not claim it to be a contract to make a will but does claim that the will, as amplified and explained in the contract, constitutes an enforceable contract. The executed will makes no reference to the contract. True, it makes reference to services and care to be furnished testator by plaintiff; that no one is dependent upon him for support, and that he feels towards plaintiff the affection he would feel

towards a son; and that in consideration and appreciation of plaintiff's unselfish assistance he "hereby bequeath and devise" to the plaintiff all his property. There is no mention in this will of any contract or that the will was made pursuant to the contract. Both instruments were executed the same day, and the provisions to be included in each instrument agreed to before either was signed.

Why execute a contract stating the sum to be paid for the services to be performed cannot be determined at the time, when plaintiff states it was agreed before the contract was signed that he was to receive all the property of the deceased in payment for his services? Why execute two instruments, when all the provisions agreed upon could have been incorporated in one instrument, or at least one instrument could have been incorporated in the other by reference?

The plaintiff places reliance upon the case of *Emery* v. *Darling*, 50 Ohio St., 160, 33 N. E., 715. The factual situation in that case differs widely from the facts in the instant case. In *Emery* v. *Darling* there were words of promise and agreement, as follows:

"I, A. Cordelia Powell, do covenant and agree that in and for the consideration of my sister, Mary E. Powell Darling, staying with me as long as I require, I do give and bequeath to said Mary E. Powell Darling, all the real estate and personal property of which I may die seized or possessed."

That case is readily distinguishable from the present case wherein there are no such words of promise or agreement found.

Neither the will as signed by the decedent nor the executed contract constitutes an enforceable contract entitling plaintiff to specific performance thereof. The last instrument signed by the deceased was, in form and substance, a will and not a contract and, as are all wills, was subject to revocation.

The court below properly sustained the motion of the defendants to dismiss the first cause of action of plaintiff's amended petition and properly entered judgment in favor of defendants.

*Judgment affirmed.*

QUATMAN, P. J., and YOUNGER, J., concur.